|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| KAVIN MAURICE RHODES, | Case No. CV 17-5211-JGB (KK) |
|---|---|
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| PETER C. SWARTH, et al., | |
| Defendants. | |

## I.
## **INTRODUCTION**

Plaintiff Kavin Maurice Rhodes ("Plaintiff"), a state inmate proceeding pro se and in forma pauperis, filed a First Amended Complaint ("FAC") alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant 18 U.S.C. §§ 1961-1968 against numerous defendants[1] ("Defendants") in

---

[1] The following named defendants are hereinafter collectively referred to as "Defendants": Hon. Sam Ohta, Peter C. Swarth, Antonio J. Bestard, Tinsley, Santiago, Lt. C. Lesniak, Bowen, Sgt. J. Anderson, Lt. Sandoval, Lt. M. Stewart, Sgt. P. Chanelo, Sgt. Martinez, Sgt. Rodriguez, C/O Dyer, Lt. P. Denny, R. Lazono, Babcock, Leyva, C. Rios, Sgt. Nuckles, Lt. Fitzpatrick, Lt. Ostrander, Lt. Betzinger, V. Benivadas, B. Cope, Hunter, B. Valdez, Sgt. Fehlman, C. Wincewicz, Jeffery Beard, Christian Pfeiffer, Robert A. Barton, Scott Kernan, Kathleen Allison, P. Melton, Sgt. Anderson, E. Williams, B. Howe, Valdez, Sgt. Davis, C. Gonzales, N. Bramucci, J.D. Smith, B. Buckhorn, J. Ryan, C.E. Ducart, C. Parry, Hillary Potashner, Jackie Lacey, Tom Holmes, Eugenia Brown, John S. Crouchley, Lana Choi, Chung Cho, Miarissa Kessler, Cephas Sund, and James Patterson Fox. The

their individual and official capacities. ECF Docket No. ("Dkt.") 19. As discussed below, the Court dismisses the FAC with leave to amend.

## II.
## **FACTUAL ALLEGATIONS**

On June 26, 2017, Plaintiff constructively filed[2] a civil RICO Complaint against Defendants. See Dkt. 1, Compl. at 1. The Complaint appeared to sue over sixty defendants in their individual capacity for "violations of Plaintiff's constitutional and statutory rights under the color of state law." Id. at 2-7, ¶¶ 4-63. While the specific allegations and details of the Complaint were indecipherable, Plaintiff alleged a wide-ranging civil RICO conspiracy among various individuals.

On November 13, 2017, the Court dismissed the Complaint with leave to amend for failure to comply with Federal Rule of Civil Procedure 8 and other deficiencies warranting dismissal. Dkt. 13.

On December 3, 2017, Plaintiff constructively filed the instant FAC again alleging a wide-ranging civil RICO conspiracy against fifty-seven defendants. Dkt. 19, FAC. Plaintiff alleges a conspiracy across two state prisons involving various individuals, including state court judges, private attorneys, prosecutors, custodians of records, a mail room captain, California Department of Corrections and Rehabilitation officials, correctional officers, and law librarians. Plaintiff claims the violations were conducted "at the direction of Los Angeles Superior Court officials, and lawyers, and federal public Defenders." Id. at 2. Plaintiff also alleges constitutional due process and equal protection claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) against a Federal Public Defender, a district attorney, and the president of the

---

Court adopts the spelling of Defendants' names from the Court's CM/ECF docketing system.

[2] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

2

California State Bar. Id. at 54, 60, 63. Plaintiff seeks injunctive relief against defendants Judge Ohta, Kernan, Allison, and Anderson "for the return of all his personal and legal property." Id. at 66. As to "all additional defendants," Plaintiff seeks $100.00 from "each defendant, individually and collectively, for the violation of Plaintiff's statutory and constitutional rights." Id. Plaintiff further seeks "the forfeiture of State Bar Cards, from any attorney defendant found to have abused the practice of law, to deprive Plaintiff of his rights." Id. "Finally, Plaintiff seek[s] an investigation, by the U.S. Department of Justice, for the racketeering practices, complained of herein." Id.

### III.
### STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th

3

Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend.

Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

### IV.
### **THE FAC FAILS TO COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**A. APPLICABLE LAW**

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he 'short and plain statement' must provide the defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. L.A. Cty., 216 F.3d 837, 841 (9th Cir. 2000).

As the Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Plaintiff's complaint must contain enough facts to "state a claim to relief that is plausible on its face," allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8. McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). A complaint may be dismissed for violating Rule 8 even

5

if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"). Complaints that fail to comply with Rule 8 "impose unfair burdens on litigants and judges" who "cannot use [such] complaint[s]" and "must prepare outlines to determine who is being sued for what." Id. at 1179-80.

**B. ANALYSIS**

Here, Plaintiff's FAC fails to comply with Rule 8. The FAC, comprising of sixty-six pages with thirty-two claims and forty-two predicate acts, is largely incomprehensible. Under each of his thirty-two claims, Plaintiff mixes multiple legal citations, conclusions, demands, and predicate acts. For example, under "Claim 1," Plaintiff writes the following:

> Defendant Lesniak [e]ntered into an agreement with defendant Ohta, to conspire to harm Plaintiff physically, in retaliation for filing a law suit in violation of the First Amen[d]ment. Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005); physical harm in violation of the Eighth Amendment. Wilkinson v. Gaddy, 559 U.S. 34, 37 (2010); Hudson v. McMillian, 503 U.S. 1, 5 (1992), and threatened Plaintiff not to file an appeal of the courts ruling which is Plaintiff's right, in violation of the Hobbs Act. 18 U.S.C. § 1951. Taylor v. United States, 136 S. Ct. 2074, 2079 (2016). And therefore, the obstruction of Justice. 18 U.S.C. §§ 1512(c)(2), 1519. United States v. Perez, 575 F. 3d 165 (2nd Cir. 2009), in the conspiracy to violate RICO. 18 U.S.C. §§ 1961(5), 1961(c), and 1961(5). **Predicate Acts One and Two.** All defendants hereinafter, agreed to commit two predicate RICO Acts. Salinas v. Untied States, 522 U.S. 52, 59-60 (1987), acts for which all defendants are equally responsible. Pinkerton v. United States, 328 U.S. 640, 646 (1946). All claims against Judge Ohta, are for injunctive relief only. Pulliam v. Allen, 466 U.S. 541-42 (1970).

6

FAC at 27 (emphasis in original). Under "Claim 6," Plaintiff writes,

> Murder is a predicate act under RICO. RJR Nabisco Inc. v. European Community, 136 S. Ct. 2090, 2115 (2016); 28 U.S.C. § 1961(A)(G). That which at the pleading sta[]ge, must be accepted as true. As truth is stranger than fiction. Denton v. Hernandez, 504 U.S. 25, 33 (1992), Plaintiff is entitled to a chance at factual develop[]ment of this claim, before its dismissed. "The Congressional Objective of encouraging civil litigation to supplement Government efforts to deter and penal [sic] the respective prohibited practices. The object of civil RICO is not merely to compensate the victims but to turn them into prosecutors 'Private Attorneys General,' dedicated to eliminate[] racketeering activity. Rotella v. Wood, 528 U.S. 549, 577, fn.3 (2000), and RICO is to be read broadly. Sedima v. S.P.R.L. Imrex Co., 473 U.S. 479, 497-98 (1985)."

Id. at 33. In another example, under "Claim 14," Plaintiff writes,

> Defendant Voong's conspiring to cancel[] all of Plaintiff's Administrative appeals, to deprive Plaintiff his right of access to the courts, is Extortion Under the Color of Official Right. Cal. Penal Code §§ 518-523. People v. Cadman, (1881) 57 Cal. 562-564; People v. Barker, (1978) 88 Cal. App. 3d 115, 119-20, as an administrative appeal meets the definition of other property. And a chose in action. Cal. Civ. Code, 663, 953, to which Plaintiff has a state law interest in. Diaz v. Gates, 420 F.3d 897, 900-01 (9th Cir. 2005). **This is not a claim to a constitutional right to a specific grievance procedure, rather this claim is that Voong conducts the affairs of CDCR through a pattern of racketeering activity. Predicate Acts Twenty-Two through Twenty-Five.**

Id. at 43 (emphasis in original).

The FAC reads much like a stream of consciousness. For example, Plaintiff alleges: "Swarth realized that he has informed Plaintiff of information that he did not know . . . ." Id. at 34. Plaintiff claims he "received another letter from Bestard switched tactics, trying to confuse Plaintiff's request for information on Tucker, and tried to cast Officer Smith in the role of one of the homicide detectives, to try and cheat Plaintiff out of the information sought, with respects to Dets. Baird, Luper, and Becerra, and Furr." Id. at 38. Plaintiff also states, "Assuming that because Plaintiff has been in prison for 30 years that he posse[sse]d the characteristics of the destitute, whereby, he used meaningless to try and blind Plaintiff while he conspired to deprive Plaintiff of his rights." Id. at 65.

In addition, there are random, unsupported, and implausible allegations and commentary throughout the FAC. See Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *4 (E.D. Cal. Feb. 28, 2008) ("A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action . . . ."). For example:

- "On or about August 13, 2014, Plaintiff presented to defendant Bowen a Court Order requiring Plaintiff to file a Reply to the attorney general's Opposition mentioned above. At which time, Plaintiff requested from Bowen, a copy of People v. Carson, 35 Cal. 4th 1, 12-13-fn. 3 & 4 (2005), cited by the attorney general, for the false proposition, that all of the newly discovered evidence submitted to the Ninth Circuit in Plaintiff's Motion, provided to Plaintiff by GiGi Gordon in June of 2011, was in the version of the Murder Book, provided to Plaintiff pretrial in 1988. Bowen forced Plaintiff to describe in explicit detail why he needed a copy of Carson decision. At which time, Plaintiff explained by that based on the law of Carson, that evidence could not have been in the Murder Book when

provided to Plaintiff pretrial, because he was pro per at the time, and Carson had his pro per status revoked, because he was given the Murder Book containing that information. And the next day on 8/14/14, Bowen destroyed the entire law library, breaking all the computers, and copy machine to deprive access, and Bowen Santiago, and Tinsley admitted the attorney general had them to do it." Id. at 31.

- "Plaintiff makes the allegation, that Kern Valley State Prison officials, along with a corrupt Los Angeles Superior Court Judge Sam Ohta, may be responsible for the deaths of GiGi Gordon, Alberto Luper, Anthony Smith, and Hyron Tucker, and the death of a Hispanic Prisoner on Facility-A at Kern Valley State Prison, as a ruse to justify having Plaintiff shot and killed, during the pend[en]cy of the RICO suit Rhodes v. Gordon, Case No. 2:12-cv-02863-JGB(DTB), in which they were defendants, to render that suit moot." Id. at 33.

- "During the course of Plaintiff's attempts to access the courts, every person of significance has somehow died. GiGi Gordon allegedly committed [] suici[d]e[] after she provided Plaintiff with long concealed Brady material in 2012; and before she coul[d] complete a Pitchess Motion. And Det. Alberto Luper, whom framed Plaintiff in 1988 ironically worked for Gigi Gordon at the time, and also died in 2012. And Officer Anthony Smith, whom shot plaintiff. On January 13, 2013, when Plaintiff discovered that the State supressed Brady material with respects to Smith, on January 31, 2013, Smith was found dead before he could come forward with his Truth. And the State's primary witness that the State paid for perjured testimony (Hydron Tucker), also died under circumstances akin to other jailhouse informants exploited by LAPD, and the Los Angeles District Attorney. While in the interim, prison officials has, and constantly tries to kill Plaintiff under all

manner of deceit. Because Plaintiff [will] not [] stop pursuing this matter."

Id.

Ultimately, the FAC's failure to comply with Rule 8 prevents this Court (and Defendants) from deciphering the factual and legal basis for each defendant's alleged liability. See Clayburn, 2008 WL 564958, at *4 ("The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes." (citing McHenry, 84 F.3d at 1177)). Unclear pleadings such as the FAC, "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based." Little v. Baca, No. CV 13-0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Hence, the FAC must be dismissed.

## V.
## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. While the Court is skeptical that Plaintiff can remedy the deficiencies set forth above, the Court will grant Plaintiff leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiency discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related

to the claims asserted in the Complaint. In addition, the Second Amended Complaint must be complete without reference to the FAC or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

In amending the FAC, Plaintiff must state each of his claims separately and for each claim should identify "clearly and precisely" and briefly the legal basis and the facts underlying it. See Bautista, 216 F.3d at 841. Specifically, Plaintiff should succinctly identify when the alleged harms were committed, who caused the alleged harms, and what actions were committed by each alleged wrongdoer.

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

11

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: January 3, 2018

HONORABLE KENLY KIYA KATO
United States Magistrate Judge